

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-25-2005

# USA v. Gallashaw

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2287

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Gallashaw" (2005). *2005 Decisions.* Paper 1137.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1137

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 03-2287

UNITED STATES OF AMERICA

v.

DARREN GALLASHAW,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 01-CR-00231-11)
District Judge: The Honorable Stewart Dalzell

_____

Submitted Pursuant to Third Circuit LAR 34.1
June 18, 2004

Before: ALITO, SMITH, and WALLACE*, *Circuit Judges*

(Filed: May 25, 2005)

_____

OPINION OF THE COURT

_____

SMITH, *Circuit Judge.*

Defendant Darren Gallashaw was indicted for conspiracy to distribute cocaine in

violation of 21 U.S.C. § 846 (Count One), and distribution of cocaine and possession of

cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Counts Eleven and Twelve). Pursuant to a written plea agreement, Gallashaw pleaded guilty to Count One, and the District Court dismissed Counts Eleven and Twelve on the motion of the Government. Gallashaw admitted, at the time of his guilty plea, that he had worked as a lookout and seller for a narcotics trafficking organization in Philadelphia. After his arrest, Gallashaw cooperated with the Government and provided substantial assistance in the investigation and prosecution of another individual.

Under the guidelines, Gallashaw's plea to Count One resulted in an offense level of 33. Based on Gallashaw's criminal history score of I, the guideline range for Gallashaw's offense was 135 to 168 months. The District Court adopted the factual findings and guideline application contained in the pre-sentence report. Gallashaw did not bring any objection to the pre-sentence report to the District Court's attention.

Pursuant to the plea agreement, the Government filed a motion under U.S.S.G. § 5K1.1 to depart downward from Gallashaw's guideline range based on his substantial assistance to the authorities. The District Court granted the downward departure motion and sentenced Gallashaw to 85 months' imprisonment.

After filing a timely notice of appeal, Gallashaw's counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). After counsel recited the evidence of Gallashaw's complicity in the narcotics operation, he asserted that the only arguable issue for appeal was the extent of the District Court's downward departure. Gallashaw

2

filed an informal brief pursuant to Local Appellate Rule 109.2(a) asserting that (1) his counsel had been ineffective with regard to sentencing, and (2) the District Court had relied on allegedly erroneous information contained in a pre-sentence report. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

In *Anders*, the Supreme Court held that the "constitutional requirement of substantial equality and fair process" necessitates that appellant counsel vigorously act as an advocate for the defendant. 386 U.S. at 744. Thus, counsel's

> role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request, must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.

*Id.* We conclude that counsel satisfied the requirements of *Anders*. Because Gallashaw pleaded guilty, he is limited to asserting a constitutional right not to be haled into court on a charge, challenging the validity of the guilty plea, and attacking the legality of his sentence. *See United States v. Broce*, 488 U.S. 563, 574-76 (1989); 18 U.S.C. § 3742(a). Neither counsel nor Gallashaw contend that the government was constitutionally precluded from charging Gallashaw with the crimes alleged in the indictment, challenge the validity of the guilty plea, or otherwise attack his conviction. Our review of the record fails to reveal any deficiencies in his guilty plea.

Gallashaw's complaints about his counsel's performance as it related to sentencing

3

raises an ineffectiveness of counsel claim. We generally do not entertain ineffectiveness claims on direct appeal. *E.g., United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003). Instead, "the proper avenue for pursuing such claims is through a collateral proceeding in which the factual basis for the claim may be developed." *United States v. Haywood*, 155 F.3d 674, 678 (3d Cir. 1998) (internal quotation omitted). The record on appeal contains no information from which we can determine that counsel's conduct was deficient, or that any deficiency resulted in prejudice to Gallashaw. Accordingly, we decline to consider Gallashaw's ineffective assistance claim.

Gallashaw's sentence, however, was imposed prior to the United States Supreme Court's decision in *United States v. Booker* 125 S.Ct. 738 (2005), which concluded that the sentencing guidelines, instead of being mandatory, were only advisory. *Id.* at 757. As a result, there is a possibility that Gallashaw's sentence may have been affected by the District Court's treatment of the guidelines as mandatory. Having determined that this issue is best addressed in the first instance by the District Court, we will vacate Gallashaw's sentence and remand for resentencing in accordance with *Booker*.

Counsel's motion to withdraw is denied. We express no opinion on Gallashaw's assertion that the pre-sentence report contains erroneous information, but instead allow Gallashaw to raise this issue on remand.